Gen. 257]                                                                257

## PUBLIC INFORMATION ACT

### CHILD CARE − LICENSING-RELATED RECORDS HELD BY PRIVATE CHILD CARE PROVIDERS ARE NOT SUBJECT TO THE PUBLIC INFORMATION ACT

December 20, 1995

*The Honorable Arthur Dorman*
*Maryland Senate*

You have requested our opinion whether certain records are subject to the Maryland Public Information Act ("PIA"). These records are maintained by private persons who have applied for residential child care facility licenses from the Department of Human Resources (the "Department" or "DHR"). The records are reviewed by the Department to determine the applicant's compliance with licensing regulations but remain in the custody of the applicant, not the Department.

Our opinion is that these records are not "public records" as defined in the PIA and, therefore, are not subject to the PIA.[1]

### I

### Licensure of a Residential Child Care Facility

The State generally does not operate group homes for children. Instead, these services are intended to be provided by private entities. §5-526(a)(1) of the Family Law ("FL") Article, Maryland Code; Article 83C, §2-120(a). The General Assembly has

---

[1] A DHR regulation, COMAR 07.02.23, provides for the licensing of a group home operated by a local department of social services, which by law is a State agency. *See* Article 88A, §13 of the Maryland Code. *See also In re Adoption/Guardianship No. 2633 in the Circuit Court for Washington County*, 101 Md. App. 274, 301-02, 646 A.2d 1036 (1994), *cert. denied*, 116 S. Ct. 56 (1995) (holding that a local department functions as arm of State administration). Records regarding a group home operated by a local department are "public records" under the PIA.

authorized DHR to license child care facilities.[2]  FL §5-506.  *See also* FL §§5-508(a) and 5-509(a).  Further, the General Assembly has authorized the Department to adopt rules and regulations to carry out its licensing duties.  FL §5-506(b).

Under the Department's licensing scheme, an applicant for a license maintains information and documentation that is reviewed by the Department to determine whether the applicant is in compliance with State regulations.  *See* COMAR 07.02.23.  The types of records that the Department reviews include, but are not limited to, the following: verification of insurance coverage, personnel policies and procedures, staff medical examination reports, articles of incorporation, and annual reports of approval of the public fire authority.  *See* COMAR 07.02.23.04J(1).  In light of the volume of records involved, the Department does not require that copies of all of these records actually be sent to it.  The Department has decided that it is more cost-effective and administratively efficient if these records remain on site, where they can be reviewed.  *See* COMAR 07.02.23.04J(2).

## II

### "Public Records"

The PIA a generally empowers members of the public to examine "any public record": "Except as otherwise provided by law, a custodian shall permit a person or governmental unit to inspect any public record at any reasonable time."  §10-613(a) of the State Government ("SG") Article.[3]  The term "public record" is defined to mean "the original or any copy of any documentary material that ... is made by a unit or instrumentality of the State government or of a political subdivision or received by the unit or the instrumentality in connection with the transaction of public business."  SG §10-

---

[2] The Department of Health and Mental Hygiene and the Department of Juvenile Justice also have licensing authority over certain group homes.  *See* §§7-608 and 10-517 of the Health-General Article and Article 83C, §2-123.

[3] Despite the label, of course not all "public records" are open to public inspection.  Some types of "public records" either may or must be maintained in confidence.  *See* SG §§10-615, 10-616, 10-617, and 10-618.

611(f)(1).  In our opinion, this definition does not extend to records that are required to be maintained by an applicant for a residential child care facility license but that never come into the possession of the Department.[4]

The purpose of the PIA is identical to that of the federal Freedom of Information Act ("FOIA").[5]  *Faulk v. State's Attorney for Harford County*, 299 Md. 493, 506, 474 A.2d 880 (1984).  The purpose of both statutes is to provide the public a general right to inspect the records of government.  *Id.*  Thus, interpretations of the federal statute are persuasive in interpreting the State statute.  *Id. See also, e.g. Harris v. State*, 331 Md. 137, 156-57, 626 A.2d 946 (1993); *Zaal v. State*, 326 Md. 54, 73, 602 A.2d 1247, 582 A.2d 981 (1990).

Federal courts have held that, under the FOIA, a governmental entity must have possession of a record for it to become an "agency record."[6]  In *Forsham v. Harris*, 445 U.S. 169 (1980), a private group of physicians (hereafter "researchers") conducted a long-term study of diabetes using grants awarded by a federal agency.  445 U.S. at 172.  By regulation, the agency had the right to obtain access to, or permanent custody of, the raw data generated by the study. 445 U.S. at 173.  Nevertheless, the agency never exercised its right to review or to obtain the raw data, and it never participated in the daily administration of the study.  *Id.*

At the request of the agency, a small portion of the raw data was reviewed by an outside group of experts.  *Id.*  The Food and

---

[4] In your letter, you point out that the definition of "custodian" in SG §10-611(f) includes not only agency personnel but also "any other authorized person."  However, this definition renders someone a "custodian" only if he or she "has physical custody and control of *public records*" – for example, as a contractor for an agency.  Conversely, if the records in someone's custody and control are not "public records," that person is not a "custodian."  Thus, the scope of the term "public record" is determinative of your question.

[5] The FOIA is codified at 5 U.S.C. §552.

[6] The FOIA does not define the term  "agency record," but under federal case law an agency record is a document created or obtained by an agency subject to the FOIA.  *Forsham v. Harris*, 445 U.S. 169, 182 (1980).

Drug Administration ("FDA") also reviewed a small portion of the data, as well as the study reports. Following this review, the FDA proposed a warning label for one of the medications that was studied. 445 U.S. at 174.

Seeking to facilitate its own review of the researchers' study, another group of physicians made a FOIA request to the Department of Health, Education and Welfare ("HEW"), the parent agency of the FDA. The group requested the researchers' raw data. HEW denied the request on the grounds that it had never acquired the raw data and that the data were the property of the researchers.[7] 445 U.S. at 176. In affirming HEW's position, the Supreme Court held that the raw data had not been "created or obtained by a federal agency" and, therefore, were not agency records within the meaning of the FOIA. 445 U.S. at 185.

Similarly, in *Kissinger v. Reporters' Comm. For Freedom of the Press*, 445 U.S. 136, 150-51 (1980), the Supreme Court held that the State Department did not improperly withhold records requested under the FOIA, because it did not have possession of the records at the time of the request. *Accord U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 144 (1989) (agency must obtain record as a "prerequisite to its becoming an agency record").

The appellate courts of this State have likewise treated governmental possession of records as fundamental to their being "public records." For example, in *Faulk v. State's Attorney for Harford County*, 299 Md. at 506, the Court of Appeals noted that "the Maryland Public Information Act, like the FOIA, mandates disclosure of certain records in the *possession* of certain agencies ...." (Emphasis added.) Further, in *Kline v. Fuller*, 56 Md. App. 294, 304, 467 A.2d 786 (1983), the Court of Special Appeals opined that a public record is a record *"kept"* by a State agency or official. (Emphasis added.)

---

[7] In an administrative proceeding held prior to the initiation of judicial proceedings, the FDA released the raw data that it had in its possession. 445 U.S. at 175.

## III

## Conclusion

In summary, it is our opinion that records are not "public records," as defined by the Public Information Act, when they are created and maintained by a private entity applying for a residential child care facility license and are not in the possession of a government agency.

J. Joseph Curran, Jr.
*Attorney General*

Kathy F. Crosby
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*